ANNA H. ALLEN, by, etc., *v.* JAMES C. ALLEN and others.

### April Term, 1876.

REPLICATION TO PLEA OF FORMER SUIT DEPENDING. — Under our practice, the complainant may join issue on the plea of former suit pending, and, whether a formal replication is required or not, a general replication, if filed, can do no harm, and a motion to take it from the files will be disallowed.

*Ed. Baxter*, for complainant.
*Hicks & Helms*, for Hare.

THE CHANCELLOR: — The defendant Samuel E. Hare has filed a plea of former suit pending.   The complainant has filed a general replication, in which she "joins issue on the plea," and denies some of the conclusions of the plea.   The defendant Hare moves that this replication be taken from the files, because unknown to the forms of the court and the practice of chancery in such cases.

The motion is based on Story's Eq. Pl., sec. 743, where it is said that the usual course of the court is not to reply to the plea of another suit (for that would be irregular), or to have the plea set down and argued, but to refer it to one of the masters to look into the two suits, and to report

whether or not they are for the same matter. Upon looking into the English authorities referred to by the learned commentator, it will be found that the practice is based upon one of the orders of Lord Clarendon, which provided that the defendant shall not be put to set down such a plea with the register, but if the plaintiff is not satisfied with it, the same shall be referred to one of the masters of the court to certify the truth thereof. Beames's Ord. Ch. 176 ; *Jones* v. *Seguiera*, 1 Ph. 83. This practice has not prevailed in the United States. *Matthews* v. *Roberts*, 1 Green Ch. 338 ; 1 Hoffm. Ch. Pr. 225. Our Code provides a uniform rule as to all pleas, by section 4393, by enacting : " If the plaintiff conceives any plea to be naught, either for the matter or the manner of it, he may set it down with the clerk to be argued ; or, if he thinks the plea good, but not true, he may take issue upon it, and proceed to trial." I held in *Montgomery* v. *Olwell*, 1 Tenn. Ch. 184, that this section of the Code applies to pleas of a former suit pending. And see *Searight* v. *Payne*, 1 Tenn. Ch. 190. The only doubt I have had was whether, inasmuch as a plea is a special answer (*Roche* v. *Morgell*, 2 Scho. & Lef. 725), and inasmuch as the Code, sec. 4322, forbids the filing even of a general replication to an answer, a formal replication was necessary to make up the issue on a plea. A general replication to a plea is alone admissible under the modern usage of the court. Story's Eq. Pl., sec. 878. And such a replication, as it is a mere form, neither prepared nor signed by counsel, in England, may well be dispensed with. But, if filed, it can do no harm. Mr. Hicks thinks a replication is still necessary to put a plea in issue. Hicks's Man. Add. 81. The motion in this case must, therefore, be disallowed.

By rule 18 of this court, recently adopted, 1 Tenn. Ch. vi, it is made the duty of the defendant who files a plea of former suit pending, within five days after issue taken on his plea, to obtain an order from the court referring it to

the master to ascertain and report whether the suits are the same; otherwise, the plea may be treated by the complainant as abandoned. This rule secures to the defendant, upon the issue now joined, the benefit of the reference under the English rule, and with even more promptness. The change in the practice cannot, therefore, prejudice his rights.